IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

CHRISTOPHER R. KOPACZ,
a Michigan resident,                                        Case No.: 1:14-cv-00223
doing business as MI ROOTSWEAR,
                                                            Hon.: Robert J. Jonker
and

BENJAMIN HORNER,
a Michigan resident,
doing business as MI ORGANIC SOLUTIONS,

Plaintiffs,

v.

LANCE HILL, individually,
and HIGH FIVE THREADS INC.,
a Michigan corporation,

Defendants.

_____/

| | |
|---|---|
| LaSusa Law Offices, PLC | Revision Legal, PLLC |
| Lawrence R. LaSusa | John Di Giacomo |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 4335 E. Timberwood Dr. | 227 Lake Avenue |
| Traverse City, MI 49686 | Traverse City, MI 49684 |
| Phone: (231) 392-9616 | (231) 714-0100 |
| llasusa@lasusalaw.com | john@revisionlegal.com |

_____/

FIRST AMENDED COMPLAINT

Plaintiff CHRISTOPHER R. KOPACZ doing business as MI ROOTSWEAR ("KOPACZ" or

"MI ROOTSWEAR") and BENJAMIN HORNER, doing business as MI ORGANIC

SOLUTIONS ("HORNER" or "MI ORGANIC") bring the following complaint against

1

Defendants LANCE HILL ("HILL"), individually, and HIGH FIVE THREADS INC. ("HIGH FIVE THREADS"), collectively "Defendants".

## NATURE OF THE ACTION

1.  This case arises from Defendants' scheme to steal Plaintiffs' original creative artwork and trademarks, pass them off as their own, and then attempt to cover their conspirators' tracks by filing a false and fraudulent copyright registration.  Kopacz is a graphic artist.  Hill is part owner of High Five Threads.  Hill and his wife, Chelsea, befriended Kopacz in 2010.  During one of their dinners together in 2010, Kopacz showed Hill his portfolio of original artwork, including an image of artwork of the State of Michigan silhouette and root structure which he was working on for license to Horner and MI Organic.  In 2010, on license of the artwork from Kopacz, MI Organic began using the State of Michigan silhouette and root structure (the "artwork") as its trademark in commerce.

In 2012, Kopacz registered his artwork with the United States Copyright Office, citing the 2010 date of creation.  In 2012, unbeknownst to Kopacz or Horner, Hill and High Five Threads, stole the artwork and began selling tee shirts bearing a copy of the artwork along with the caption "Grown in Michigan".

In 2013, Kopacz decided start a clothing company branding it with his artwork.  Kopacz contacted Defendants' counsel, Attorney Di Giacomo's former law firm, Traverse Legal, to seek legal counsel for his start up business.  After a lengthy discussion during which

Kopacz revealed his confidential business plan, including detailed plans for use of his copyright artwork, the Traverse Legal representative abruptly terminated the telephone call tardily asserting a conflict of interest. Almost immediately after Kopacz's revelations to Traverse Legal, Hill and High Five Threads conspired to file a false and fraudulent copyright registration of Kopacz's artwork.

2.     Defendant Hill acquired access to and misappropriated Plaintiff's federally registered copyright artwork prior to the legal incorporation of High Five Threads, Inc. and thus is sued in his individual capacity.

3.     Defendants Hill's and High Five Threads' actions constitute conspiracy, infringement, and unfair competition relating to Plaintiff's federally registered copyright in violation of the Copyright Act, 17 U.S.C. § 106; the Michigan Consumer Protection Act, MCL §§ 445.901 *et seq.*; and federal unfair competition and common law of the State of Michigan.

4.     Defendants' actions constitute conspiracy, infringement, dilution, and unfair competition relating to Plaintiffs' federally registered trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c) and 1125(d); the Michigan Trademark Act, MCL §§ 429.31 *et seq.*; the Michigan Consumer Protection Act, MCL §§ 445.901 *et seq.*; and federal unfair competition and common law of the State of Michigan.

PARTIES

5.     Plaintiff CHRISTOPHER R. KOPACZ is a Michigan resident doing business as MI ROOTSWEAR with his principal place of business at 903 Huron St., East Jordan, MI 49727.

6.     Plaintiff BENJAMIN HORNER is a Michigan resident doing business as MI ORGANIC

3

SOLUTIONS with his principal place of business at 3549 S. Dort Hwy, Suite 106, Flint, MI 48507.

7.      Defendant LANCE HILL is a Michigan resident.

8.      Defendant HIGH FIVE THREADS INC. is a Michigan corporation with its principal place of business at 800 Cottageview Dr., Ste 20, Traverse City MI 49684.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. §§ 1114, 1116, 1121, 1125, 1126, 17 U.S.C. § 106, and upon the principles of pendent jurisdiction.   Jurisdiction for the causes of action under the statutory and common law of the State of Michigan arises under 28 U.S.C. § 1338(b) because these causes of action asserting deceptive trade practices and unfair competition under the laws of the State of Michigan are joined with substantial and related claims under the federal trademark law.

10.     This Court has personal jurisdiction over the Defendants in that they each have committed the acts of conspiracy, infringement and unfair competition in this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this complaint occurred in this District.

## FACTS

*Plaintiff KOPACZ's Copyrighted Artwork*

12.     KOPACZ is a graphic artist.

13.     In 2010, HILL and his wife, Chelsea, befriended KOPACZ.

14.     In 2010, during one of their dinners together KOPACZ showed HILL his portfolio of artwork, including an image of his original artwork of the State of Michigan silhouette

and root structure which he was working on for license to BENJAMIN HORNER doing business as MI ORGANIC SOLUTIONS.

15. In 2010, on license of the artwork from KOPACZ, HORNER doing business as MI ORGANIC SOLUTIONS began using the State of Michigan silhouette and root structure (the "artwork") as its trademark in commerce.

16. In 2012, KOPACZ registered his artwork with the United States Copyright Office, citing the 2010 date of creation.

17. The artwork is registered in the United States Copyright Office under Registration Number VA 1-844-045 issued October 25, 2012. A copy of the registration is attached hereto as Exhibit A and incorporated herein by reference.

18. In 2012, unbeknownst to KOPACZ or HORNER, HILL and HIGH FIVE THREADS stole the artwork and began selling tee shirts bearing a copy of the artwork along with the caption "Grown in Michigan" (the "Grown in Michigan design").

19. In 2013, KOPACZ decided start a clothing company, MI ROOTSWEAR, branding it with his artwork. KOPACZ contacted Defendants' Attorney Di Giacomo's former law firm, Traverse Legal, to seek legal counsel for his start up business.

20. After a lengthy discussion during which KOPACZ revealed his confidential business plan, including detailed plans for use of his copyright artwork, the Traverse Legal representative abruptly terminated the telephone call tardily asserting a conflict of interest.

21. Almost immediately after KOPACZ's revelations to Traverse Legal, HILL AND HIGH FIVE THREADS conspired to file a false and fraudulent copyright registration of KOPACZ's already registered copyright artwork.

COUNT ONE – COPYRIGHT INFRINGEMENT

22.    Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

23.    KOPACZ is the owner of the original artwork of the State of Michigan silhouette and root structure registered in the United States Copyright Office under Registration Number VA 1-844-045 issued October 25, 2012.  See Exhibit A attached hereto.

24.    The artwork was first published in 2010.

25.    HILL had access to the artwork because KOPACZ showed it to him in 2010.

26.    From July 11, 2012 to present, HILL and HIGH FIVE THREADS have reproduced, prepared derivative works of, distributed copies of, and displayed publicly the artwork.

27.    HILL's and HIGH FIVE THREADS' Grown in Michigan design is a slavish copy of, substantially similar to, and a derivative work of KOPACZ's original artwork.

28.    After receiving express notice from KOPACZ of his copyright rights, HILL and HIGH FIVE THREADS willfully continued to produce, sell, and distribute the Grown in Michigan design.

29.    HILL and HIGH FIVE THREADS received revenues by producing, selling, and distributing goods bearing the Grown in Michigan design.

30.    HILL's and HIGH FIVE THREADS' sale of clothing bearing the Grown in Michigan design is in violation of the exclusive rights guaranteed to KOPACZ under 17 U.S.C. § 106.

31.    Specifically, HILL's and HIGH FIVE THREADS' sale of clothing bearing the Grown in Michigan design is in violation of KOPACZ's right to reproduce the copyrighted work in copies, to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, to display the copyrighted work publicly, and to prepare derivative works

based on the copyrighted work.

32. HILL's and HIGH FIVE THREADS' actions constitute copyright infringement pursuant to 17 U.S.C. § 501.

33. HILL's and HIGH FIVE THREADS' acts of infringement are willful, intentional, and purposeful.

34. As a result of HILL's and HIGH FIVE THREADS' infringement, KOPACZ is entitled to actual damages and recovery of HILL's and HIGH FIVE THREADS' profits, or statutory damages pursuant to 17 U.S.C. § 504(b), whichever is greater.

35. As a result of HILL's and HIGH FIVE THREADS' infringement, KOPACZ is entitled to his costs and attorneys' fees pursuant to 17 U.S.C. § 505.


COUNT TWO - Federal Trademark Infringement (15. U.S.C. § 1114)

*The MI ORGANIC SOLUTIONS Mark*

36. Since 2010 Plaintiff BENJAMIN HORNER doing business as MI ORGANIC SOLUTIONS has been engaged in the business of providing premium quality medical marijuana, edibles, clones, and other natural products and accessories to eligible patients in Southeast and Mid-Michigan and beyond bearing the trademark of the State of Michigan silhouette and root structure.

37. MI ORGANIC SOLUTIONS promotes sales nationwide online at: http://www.miorganicsolutions.com.

38. BENJAMIN HORNER doing business as MI ORGANIC SOLUTIONS is the owner of the trademark "MI ORGANIC SOLUTIONS" of the State of Michigan silhouette and root structure ("the MI ORGANIC SOLUTIONS Mark"). A copy of the MI ORGANIC

SOLUTIONS Mark is attached hereto as Exhibit B and incorporated herein by reference.

39.  BENJAMIN HORNER adopted and has used the MI ORGANIC SOLUTIONS Mark continuously since 2010 in connection with the goods and services described above.

40.  BENJAMIN HORNER has devoted substantial time, money, and effort to promote and market his goods in connection with the MI ORGANIC SOLUTIONS Mark.

41.  As a result of these efforts, the MI ORGANIC SOLUTIONS Mark has become famous and well known.  The MI ORGANIC SOLUTIONS Mark is associated in the minds of the public with BENJAMIN HORNER and MI ORGANIC SOLUTIONS and has become widely recognized in connection with premium quality medical marijuana, edibles, clones, and other natural products and accessories to eligible patients in the State of Michigan and beyond.

42.  The MI ORGANIC SOLUTIONS Mark and the goodwill associated therewith are extremely important and valuable assets of BENJAMIN HORNER and his business MI ORGANIC SOLUTIONS.

*The MI ROOTSWEAR Mark*

43.  Since 2012 Plaintiff CHRISTOPHER R. KOPACZ doing business as MI ROOTSWEAR has been engaged in the business of manufacturing and selling clothing bearing his trademark and copyright artwork of the State of Michigan silhouette and root structure which he sells both online at: http://www.mirootswear.com, and by regular mail nationwide.

44.  CHRISTOPHER R. KOPACZ is the owner of the trademark "MI ROOTSWEAR", which is registered on the Principal Register of the United States Patent and Trademark Office under Registration Number 4,376,314 issued July 30, 2013 for: "HATS;

JACKETS; LONG-SLEEVED SHIRTS; SWEATSHIRTS; T-SHIRTS; TANK TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39)." See Exhibit C attached hereto.

45. CHRISTOPHER R. KOPACZ adopted and has used the MI ROOTSWEAR mark continuously since 2012 in connection with the goods and services described in his registration, as well as related goods and services.

46. CHRISTOPHER R. KOPACZ has devoted substantial time, money, and effort to promote and market his goods in connection with his MI ROOTSWEAR mark (the "MI ROOTSWEAR Mark").

47. As a result of these efforts, the MI ROOTSWEAR Mark has become famous and well known. The MI ROOTSWEAR Mark is associated in the minds of the public with CHRISTOPHER R. KOPACZ and MI ROOTSWEAR and has become widely recognized in connection with creatively designed high quality clothing and consumers who have roots with or an affinity for the great State of Michigan.

48. The MI ROOTSWEAR Mark and the goodwill associated therewith are extremely important and valuable assets of CHRISTOPHER R. KOPACZ's and his business MI ROOTSWEAR.

_Defendant's Willful and Continued Infringing Conduct_

49. Defendant HIGH FIVE THREADS is selling and promoting sales of clothing bearing the State of Michigan silhouette with a root structure. See Exhibit D attached hereto.

50. Defendant is directly competing with CHRISTOPHER R. KOPACZ in the same market of selling and promoting sales of clothing.

51. Defendant's use of the State of Michigan silhouette with a root structure in connection with the marketing and sale clothing and other goods is likely to cause customer

confusion in that market.

52.     Defendant's unlawful activities have caused and will continue to cause irreparable harm to CHRISTOPHER R. KOPACZ in that they deprive CHRISTOPHER R. KOPACZ of his absolute right to determine the manner in which the MI ROOTSWEAR image is presented to the public, and is likely to deceive the relevant purchasing public as to the origin of Defendant's goods and services, falsely represent a sponsorship and/or association between CHRISTOPHER R. KOPACZ and MI ROOTSWEAR and Defendant's goods and services, and wrongfully trade and capitalize upon CHRISTOPHER R. KOPACZ 's and MI ROOTSWEAR's reputation and goodwill and the commercial value of the MI ROOTSWEAR Mark.

53.     On February 28, 2014, counsel for CHRISTOPHER R. KOPACZ delivered a letter to HIGH FIVE THREADS demanding that it cease and desist all use of the MI ROOTSWEAR Mark in connection with the marketing and sale of clothing.  See Exhibit E attached hereto and incorporated herein by reference.

54.     CHRISTOPHER R. KOPACZ received no compliance with the request that HIGH FIVE THREADS cease and desist all use of the MI ROOTSWEAR Mark.

55.     Defendant's actions are likely to cause confusion, mistake and deception among the relevant consumers and public as to the origin of Defendant's goods and services, and are likely to deceive the relevant consumers and public into believing that those goods and services originate from, are associated with and/or are otherwise authorized by CHRISTOPHER R. KOPACZ or MI ROOTSWEAR, all to the damage and detriment of CHRISTOPHER R. KOPACZ's and MI ROOTSWEAR's reputation, goodwill and sales.

56.     Defendant's use of CHRISTOPHER R. KOPACZ's federally registered mark unfairly

enables Defendant to benefit from CHRISTOPHER R. KOPACZ's substantial effort and investment in his goods and services and the valuable goodwill and reputation CHRISTOPHER R. KOPACZ created and enjoys in those goods and services.

57.   Defendant's actions constitute willful infringement in violation of CHRISTOPHER R. KOPACZ's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.   CHRISTOPHER R. KOPACZ has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to his goodwill and reputation.  CHRISTOPHER R. KOPACZ is also suffering damage as a result of the aforesaid acts in an amount to be proved at trial.

COUNT THREE - FEDERAL UNFAIR COMPETITION

AND TRADE NAME INFRINGEMENT (15 U.S.C. § 1125(A))

59.   Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

60.   HIGH FIVE THEADS' actions constitute false designation of origin, false descriptions and false representations in commerce that Defendant's goods and services are those of CHRISTOPHER R. KOPACZ or MI ROOTSWEAR, BENJAMIN HORNER or MI ORGANIC SOLUTIONS, or are sponsored, approved, authorized by or affiliated with CHRISTOPHER R. KOPACZ or MI ROOTSWEAR, CHRISTOPHER R. KOPACZ or MI ROOTSWEAR, BENJAMIN HORNER or MI ORGANIC SOLUTIONS, or that HIGH FIVE THEADS is a related entity to CHRISTOPHER R. KOPACZ or MI ROOTSWEAR, BENJAMIN HORNER or MI ORGANIC SOLUTIONS.

61.   HIGH FIVE THEADS' actions are likely to cause confusion, mistake and deception among the relevant purchasing public as to the true origin, source, sponsorship or

11

affiliation of Defendant's goods and services, all to the damage and detriment of CHRISTOPHER R. KOPACZ's and MI ROOTSWEAR's and BENJAMIN HORNER's and MI ORGANIC SOLUTIONS' reputation, goodwill and sales.

62. HIGH FIVE THEADS' use of the MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark unfairly enables HIGH FIVE THEADS to benefit from CHRISTOPHER R. KOPACZ's and MI ROOTSWEAR's and BENJAMIN HORNER's and MI ORGANIC SOLUTIONS' substantial efforts and investments in promoting goods and services and the valuable goodwill and reputation CHRISTOPHER R. KOPACZ and MI ROOTSWEAR and BENJAMIN HORNER and MI ORGANIC SOLUTIONS created and enjoy in their goods and services.

63. HIGH FIVE THEADS' use of CHRISTOPHER R. KOPACZ's federally registered mark unfairly enables Defendant to benefit from CHRISTOPHER R. KOPACZ's substantial effort and investment in his goods and services and the valuable goodwill and reputation CHRISTOPHER R. KOPACZ created and enjoys in those goods and services.

64. BENJAMIN HORNER and CHRISTOPHER R. KOPACZ have no adequate remedy at law, and if HIGH FIVE THEADS' activities are not enjoined, will continue to suffer irreparable harm and injury to their goodwill and reputation.  BENJAMIN HORNER and CHRISTOPHER R. KOPACZ are also suffering damage as a result of the aforesaid acts in an amount to be proved at trial.

COUNT FOUR - FEDERAL DILUTION (15 U.S.C. § 1125(C))

65. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

66. Defendant's use of the MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark

is likely to cause dilution by blurring by creating a likelihood of association with Plaintiffs' famous MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark arising from the similarity to Plaintiffs' famous MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark that is likely to impair the distinctiveness of Plaintiffs' famous MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark.

67. This constitutes dilution in violation of 15 U.S.C. § 1125(c), to the damage and detriment of MI ROOTSWEAR's and MI ORGANIC SOLUTIONS' reputation, goodwill and sales.

68. BENJAMIN HORNER and CHRISTOPHER R. KOPACZ have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to his goodwill and reputation. BENJAMIN HORNER and CHRISTOPHER R. KOPACZ are also suffering damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## COUNT FIVE - VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

### MCL §§ 445.901, *et seq.*

69. Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

70. Defendants' actions are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods and services and falsely and deceptively represent that Defendant's sales of clothing are being sponsored by, authorized by, or provided by Plaintiffs, and constitutes deceptive practices and unfair competition in violation of the Michigan Consumer Protection Act, MCL §§ 445.901 et seq.

71. Defendants' actions result in Defendants' unjust enrichment.

72.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to their goodwill and reputation. Plaintiffs are also suffering damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## COUNT SIX - COMMON LAW UNFAIR COMPETITION

73.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

74.     Defendants' actions are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods and services and falsely and deceptively represents Defendant's goods and services as being sponsored by, authorized by, or provided by Plaintiffs, and constitutes unfair competition under the common law of the State of Michigan.

75.     Defendants' acts result in Defendants' unjust enrichment.

76.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to their goodwill and reputation.

77.     Plaintiffs are also suffering damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## COUNT SEVEN - DILUTION UNDER THE MICHIGAN TRADEMARK ACT

### MCL §§ 429.31 *et seq*.

78.     Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

79.     Defendants' use of the MI ROOTSWEAR Mark and MI ORGANIC SOLUTIONS Mark is likely to dilute the distinctiveness of Plaintiffs' famous marks, and is

willfully intended to trade on Plaintiffs' reputation and goodwill and to dilute the distinctiveness of the marks, all in violation of the Michigan Trademark Act, MCL §§ 429.31 et seq.

80.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to their goodwill and reputation. Plaintiffs are also suffering damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court:

I.     Issue a preliminary and permanent injunction restraining, enjoining and prohibiting Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, affiliates, all persons, firms and corporations acting in concert or participation with Defendants or on Defendants' behalf, and all those receiving actual notice of this order from:

A.     using the MI ROOTSWEAR Mark or MI ORGANIC SOLUTIONS Mark or any reproduction, copy, or colorable imitation of said mark, including but not limited to the State of Michigan silhouette and root structure, in connection with the manufacture, design, distribution, advertising, offer for sale and/or sale of any items and services that are not the products or services of, or licensed by, Plaintiffs, or in any manner likely to cause others falsely to believe that Defendants' products and services are connected with Plaintiffs when they are not;

B.     passing off, inducing, or enabling others to sell or pass off any items or services which are not authorized products or services of Plaintiffs as and for authorized products or

15

services of Plaintiffs;

C.     using the MI ROOTSWEAR Mark or MI ORGANIC SOLUTIONS Mark or trade name or any reproduction, copy, or colorable imitation of said trade name, including but not limited to the State of Michigan silhouette and root structure, in connection with the manufacture, design, marketing, distribution, advertising, offer for sale and/or sale of any items and services that are not the products or services of, or licensed by, Plaintiffs, or in any manner likely to cause others falsely to believe that Defendant's products and services are connected with Plaintiffs when they are not;

D.     using the MI ROOTSWEAR Mark or MI ORGANIC SOLUTIONS Mark or trade name or any reproduction, copy, or colorable imitation of said trade name, including but not limited to the State of Michigan silhouette and root structure, in connection with the manufacture, design, marketing, distribution, advertising, offer for sale and/or sale of any items and services that are not the products or services of, or licensed by, Plaintiff, or in any manner likely to dilute the distinctiveness of the famous MI ROOTSWEAR Mark or MI ORGANIC SOLUTIONS Mark;

E.     committing any other acts calculated to cause purchasers to believe that Defendants' products and services are authorized products and services of Plaintiffs when they are not; and

F.     using any words, names, styles, titles, URLs, domain names or marks, alone or in tandem, that infringes upon and/or unfairly competes with regarding Plaintiff's federally registered mark and/or trade names and the goodwill associated therewith.

II.     Award Plaintiffs treble and/or exemplary damages, pre- and post-judgment interest, and

16

Plaintiffs' costs and attorneys' fees associated with this action.

III.     Award Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(d) and 17 U.S.C. § 504.

IV.     Grant Plaintiff such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: April 30, 2014

Respectfully submitted,

/s/Lawrence R. LaSusa

LaSusa Law Offices, PLC
4335 E. Timberwood Dr.
Traverse City, MI 49686
Phone: (231) 392-9616
llasusa@lasusalaw.com

Attorneys for Plaintiff

17

## <u>JURY DEMAND</u>

Plaintiffs respectfully request a trial by jury on all issues set forth in its Complaint which are triable as of right by jury.

Respectfully submitted,

/s/Lawrence R. LaSusa

LaSusa Law Offices, PLC
4335 E. Timberwood Dr.
Traverse City, MI 49686
Phone: (231) 392-9616
llasusa@lasusalaw.com

Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I, Lawrence R. LaSusa, an attorney of record, hereby certify that I served a true and correct copy of this First Amended Complaint upon opposing counsel of record through the ECF electronic filing system on April 30, 2014.

/s/Lawrence R. LaSusa

LaSusa Law Offices, PLC
4335 E. Timberwood Dr.
Traverse City, MI 49686
Phone: (231) 392-9616
llasusa@lasusalaw.com